UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RAGHOO ORI,

                Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
10-CV-853 (CBA)

AMON, Chief United States District Judge:

Before the Court are cross motions for judgment on the pleadings in this challenge to the Commissioner of Social Security's determination that Raghoo Ori was at all times capable of performing sedentary work from October 15, 1993 to December 31, 1998. 42 U.S.C. § 405(g). The Commissioner's decision is vacated, and this case remanded for further proceedings.

## BACKGROUND

From 1984, Ori—who was born in Guyana in March 1953—worked in a warehouse, first as a packer, then as a manager, and finally as a supervisor. He stopped working at the warehouse on October 15, 1993, after he was terminated for, according to him, permitting some employees to leave early one evening.

On October 13, 1994, Ori filed an application for disability benefits, alleging an onset date of October 15, 1993. He alleged disabling back and neck pain stemming from a 1990 neck injury and a June 1993 on-the-job back injury. The application was denied at both the initial and reconsideration levels.

After a hearing, conducted over two days in November 1995 and September 1996, an administrative law judge ("ALJ") denied benefits by decision dated September 23, 1996. (Tr.

1

14–27.) The ALJ found that Ori had at all times been capable of performing "light work." (Id.) The Appeals Council denied Ori's request for review on December 19, 1997. (Id. at 5–7.)

Ori subsequently sought review in federal court and this Court remanded by memorandum and order dated May 28, 1999. (Id. at 352–67.) The remand was so that the ALJ could consider two pieces of new material evidence. The first piece of evidence was a March 13, 1998 letter from Dr. Mike Chou, Ori's neurosurgeon, to Dr. K. Sadigh (Ori's chiropractor), in which Dr. Chou describes an August 19, 1997 MRI revealing that Ori had "bilateral cervical radiculopathy." (Id. at 359.)

The second piece of evidence was a May 22, 1998 letter in which Dr. Chou states that Ori recently underwent "Microscopic Anterior Cervical Vertebrectomny (C6) and Discectomies (C5-6 and C6-7) and Arthrodesis (Fusion) with Allograft and Internal Fixation." (Id. at 360.)

The Court explained that the new evidence was material because, whereas the ALJ found Ori's complaints of pain "inconsistent with the MRI test results in the record," Dr. Chou found that "the MRI findings were consistent with clinical pain syndrome" and believed that "surgical correction of this pain" was warranted. (Id. at 363.)

Moreover, whereas the ALJ concluded that Ori's pain improved over time, Dr. Chou stated that the "pain has become gradually worse over the years." (Id. at 364.) Additionally, "the fact that plaintiff elected to have surgery on his back is strong evidence that his complaints of pain were credible." (Id.)

After an Appeals Council remand, the ALJ held a hearing on September 19, 2000. (Id. at 565–652.) In an opinion dated July 19, 2001, the ALJ again denied benefits, finding that Ori retained the ability to perform a limited range of light work through his date last insured, which

was December 31, 1998. (Id. at 488–503.) Ori appealed, and the Appeals Council remanded the case for further proceedings by order dated June 3, 2002. (Id. at 510–13.)

A new ALJ conducted a supplemental hearing on September 18, 2002 and, in a decision dated April 15, 2003, denied benefits. (Id. at 341–51.) The ALJ found that Ori retained the residual functional capacity to perform a limited range of sedentary work through the date last insured. Ori again filed suit in federal court. By stipulation and order dated October 13, 2006, the case was voluntarily remanded for further administrative proceedings.

The Appeals Council subsequently vacated the ALJ's April 15, 2003 opinion and remanded the case for further proceedings. (Id. at 691–92.) The Appeals Council directed the ALJ, on remand, to enter two reports (from Drs. Dasika and Pisman) into the record and to "obtain supplemental medical expert testimony as to the claimant's residual functional capacity considering the evidence prior to the December 31, 1998 date last insured." (Id. at 692.)

In connection with this last directive, the Appeals Council noted that the medical expert testified at the last hearing that, as of October 2000, Ori was still recovering from his April 1998 surgery. (Id.) That testimony appeared to conflict with the testimony of a Dr. Katz, who after a consultative examination reported a residual functional capacity consistent with a limited range of sedentary work in November 2000. (Id.)

The Appeals Council noted that "it was unclear" whether Ori could have been capable of sedentary work before the date last insured if he had not recovered from his April 1998 surgery by October 2000. (Id.)

The same ALJ who had issued the April 15, 2003 decision held a supplemental hearing on May 14, 2008 at which he heard from independent medical expert Dr. Thomas Weiss. (Id. at 733–802.) In a decision dated June 3, 2009, the ALJ denied benefits again, finding that Ori

3

retained the residual functional capacity to perform sedentary work "at all times from his alleged disability onset date through the expiration of his insured status, . . . including the time period before and after his April 1998 surgery." (Id. at 678.)

The Appeals Council denied review by order dated December 29, 2009, stating that the ALJ "obtained supplemental medical expert testimony form Dr. Weiss who opined that [Ori] was unable to work for 3–4 months post-surgery in April 1998 but for all other times prior to and after the claimant could perform the full range of light work." (Id. at 653–55.) The Appeals Council said that the "record does not support a finding of disability for any 12-month period and the hearing decision complies with the requirements of the court's order." (Id.)

Ori subsequently filed suit on February 25, 2010. The parties submitted cross motions for judgment on the pleadings on November 15, 2010. The Court heard argument on the motions on June 22, 2011.

## DISCUSSION

Ori urges that the Commissioner's decision is not supported by substantial evidence. He says that the record reveals "a severe cervical spine condition documented by the repeated hard evidence of MRI and EMG diagnostic testing, which ultimately led to cervical discectomy and fusion" in April 1998, a surgery that did not alleviate his disabling pain. (Pl. Reply at 3.)

He says that the ALJ's finding that he retained the ability to perform sedentary work throughout the insured period is premised principally on the misinformed opinion of the independent medical expert, Dr. Weiss.

### I. Standard of Review

Review under 42 U.S.C. § 405(g) "is limited to inquiring into whether the [Commissioner's] conclusions are supported by substantial evidence in the record as a whole or

4

are based on an erroneous legal standard." Beauvoir v. Chater, 104 F.3d 1432, 1433 (2d Cir. 1997) (internal quotation marks omitted); see also Burgess v. Astrue, 537 F.3d 117, 127 (2d Cir. 2008). "To determine whether the findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." Snell v. Apfel, 177 F.3d 128, 132 (2d Cir. 1999). "Substantial evidence is more than a mere scintilla. It means such relevant evidences as a reasonable mind might accept as adequate to support a conclusion." Zabala v. Astrue, 595 F.3d 402, 408 (2d Cir. 2010) (internal quotation marks and brackets omitted).

"Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [a court] will not substitute [its] judgment for that of the Commissioner." Veino v. Barnhart, 312 F.3d 578, 586 (2d Cir. 2002).

Courts do not, however, defer to legal conclusions, and the ALJ's "[f]ailure to apply the correct legal standards is grounds for reversal." Pollard v. Halter, 377 F.3d 183, 189 (2d Cir. 2004) (internal quotation marks omitted); see also Byam v. Barnhart, 336 F.3d 172, 179 (2d Cir. 2003).

As part of its determination whether the Commissioner's decision is supported by substantial evidence, a court must first satisfy itself that the applicant received "a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the Act." Echevarria v. Sec'y of Health and Human Servs., 685 F.2d 751, 755 (2d Cir. 1982). This includes ensuring that the ALJ discharged his obligation to fully and fairly develop the administrative record. Id. Where "there are deficiencies in the record, an ALJ is under an affirmative obligation to develop the claimant's medical history even when the claimant is represented by counsel." Rosa v. Callahan, 168 F.3d 72, 79 (2d Cir. 1999) (internal quotation

marks omitted); see also Ericksson v. Comm'r of Soc. Sec., 557 F.3d 79, 83 (2d Cir. 2009). "A finding of gaps in the record or need for further development of the evidence is cause for remand." Batista v. Chater, 972 F. Supp. 211, 217 (S.D.N.Y. 1997).

## II. Record Development

Although Ori does not press the point in his motion for judgment on the pleadings, it became clear at oral argument that the ALJ failed to fulfill his obligation to develop a record sufficient to permit an intelligent determination of this case.

Ori's central argument to the Commissioner (which he continues to press here) was that his April 1998 surgery is strong—even conclusive—evidence of the fact that, for some time before April 1998, he suffered with a severe cervical condition characterized by disabling pain resulting from nerve root or spinal cord impingement, which condition rendered him unable to perform even sedentary work.

As discussion at the last administrative hearing reveals, this argument was difficult to assess on the record before the ALJ. At the final hearing, Ori's attorney asked the independent medical expert, Dr. Weiss, whether the surgery was not strong evidence of the fact that, at some time before April 1998, there was a serious and painful problem with Ori's cervical spine that rendered him unable to perform sedentary work. (Id. at 773–75.)

Dr. Weiss testified that he could not say whether the surgery was strong evidence of disability, and this appears to have been for two related reasons. The first reason was that, because the reports from Drs. Levine, Seo, and Waldman were all dated 1994 and the report from Dr. Kurzner was dated April 1996, Dr. Weiss did not know enough about Ori's condition between April 1996 and the April 1998 surgery to form an opinion. The second reason, which is

6

related to the first, is that Dr. Weiss did not know precisely why Dr. Chou operated in April 1998.

As Dr. Weiss explained, he "did not examine the Claimant at that time [i.e. the period directly preceding the surgery]. I didn't have all the findings at hand. And I don't know what specifically the doctor told [Ori] prior to the fusion." (Id. at 774.) Accordingly, Dr. Weiss did not "know whether the surgery was done for an acute exacerbation, whether the surgery was contemplated several months prior to the operation[, or] . . . whether the Claimant deteriorated or not." (Id. at 789.)

The ALJ was not interested in letting Dr. Weiss hypothesize a reason that Dr. Chou performed the fusion surgery, stating more than once that Dr. Weiss "can't tell you why - - whether or not that pain caused the doctor to operate. He can't tell you why that doctor operated." (Id. at 776.) The ALJ told counsel that he had to ask Dr. Chou about the significance of the surgery. (Id.) Dr. Weiss said the same thing. (Id. at 777.) But nobody ever asked Dr. Chou about Ori's condition from April 1996 to April 1998 and, related, the reason Dr. Chou operated in April 1998.

This was error warranting remand. There is strong reason to think that, as Ori argues, his April 1998 surgery proves either that (a) Drs. Kurzner, Levine, Seo, and Waldman misjudged the seriousness of Ori's condition when they examined him in 1994 and early 1996, or (b) Ori's condition deteriorated, to the point of disability justifying benefits, sometime after he saw those doctors.

The ALJ could not have assessed the merits of either of these inferences, both of which are favorable to Ori, because he did not contact the doctor that the ALJ and plaintiff both seem to

7

agree was best able to explain Ori's condition between April 1996 and April 1998 and, related, the reason for the surgery.

The ALJ had an obligation to do that, notwithstanding the fact that Ori was represented by counsel. Nothing in the record suggests any reason to excuse the ALJ's failure to develop the record in this regard. Remand for record development is appropriate. See, e.g., Mezzacappa v. Astrue, 749 F. Supp. 2d 192, 207–08 (S.D.N.Y. 2010) (failure to secure opinion of treating physician requires remand).

### III. Opinion of Dr. Weiss

Even if testimony from Dr. Chou was not absolutely necessary—because the ALJ could have intelligently adjudicated this case in the face of the evidentiary gap or because he had no obligation to secure Dr. Chou's testimony himself—remand is still warranted.

This is because the ALJ did not explain why the evidentiary gap did not prevent adjudication of Ori's claim consistent with the laws and regulations governing social security disability cases. Instead, the ALJ made the evidentiary gap disappear. To accomplish this, the ALJ stated in his opinion that Dr. Weiss testified that "during the time period at issue, the claimant had the residual functional capacity for light work until the date of his surgery in April 1998." (Id. at 677.)

That is not a fair characterization of Dr. Weiss's testimony. Indeed, for reasons stated in connection with the Court's discussion of the state of the record, Dr. Weiss testified that he could not say whether Ori was capable of performing any or no work from at least 1996 to the date of his April 1998 surgery. He testified, "I cannot specify what he could do up until the day prior to the surgery. We don't have any specific reports on that documenting what he could do at that time. I would be guessing." (Id. at 788.)

8

Only after the ALJ insisted that there was an important difference between not being sure about an individual's condition and being sure that there was no evidence about an individual's condition, did Dr. Weiss express the opinion that Ori "could've worked light work right up until the day of the surgery" in view of "the evidence provided or not provided." (Id. at 789 (emphasis added).)

That testimony did not entitle the ALJ to rely on Dr. Weiss for the proposition that, notwithstanding the lack of any especially probative evidence regarding Ori's condition from April 1996 to April 1998 and, related, testimony regarding the reason for the April 1998 surgery, Ori was capable of at least sedentary work at all times prior to April 1998.

Accordingly, the ALJ's opinion was not based on substantial evidence, even if it was not absolutely necessary to secure testimony from Dr. Chou. Remand is appropriate for this reason as well.

## CONCLUSION

For the reasons stated, this case is remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g).

On remand, the ALJ should: (a) if possible, secure testimony from Dr. Chou regarding Ori's condition from April 1996 to April 1998; (b) if possible, secure testimony from Dr. Chou regarding the reason for the April 1998 surgery; (c) if possible, secure testimony from Dr. Chou regarding Ori's residual functional capacity from October 15, 1993 to the date last insured (including his condition post-surgery); and (d) determine Ori's entitlement to benefits, discussing, as necessary, any evidence developed on remand.

Finally, because Ori's application for benefits has been pending for more than fifteen years, the Court urges the Commissioner to expedite these proceedings on remand.

The Clerk of Court is directed to enter judgment and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
September 14, 2011

s/CBA

Carol Bagley Amon
United States District Judge

10